**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ISAIH TATUM # 361060,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No 3:26-cv-01685** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **TIM HILL, Public Defender Counsel,** | ) | **Magistrate Judge Hill** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**ORDER AND MEMORANDUM OPINION**

Isaih Tatum, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a Motion to Appoint Counsel (Doc. No. 3).

Petitioner also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). It appears from Petitioner's IFP Application that he does not have sufficient financial resources to pay the filing fee. Therefore, Petitioner's IFP Application is **GRANTED**.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *See id.* After undertaking the review required by Rule 4, the court concludes that Petitioner should have brought this habeas corpus action under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

28 U.S.C. § 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A petition for a writ pursuant to Section 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

28 U.S.C. § 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 is "the exclusive vehicle" for prisoners who are in custody under a state court judgment, who wish to challenge anything affecting the legality of that custody. *See Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)).

Here, the petition challenges Petitioner's 2023 convictions in McMinn County, Tennessee, for possession of more than 0.5 grams of methamphetamine with the intent to sell or deliver and unlawful possession of a weapon by a convicted felon. (Doc. No. 1 at 2). Petitioner asks the Court to "**VACATE** the judgment or conviction and remand this case back to the convicting court for further proceedings." (Doc. No. 1 at 10) (all caps and bold in original). Petitioner therefore challenges the validity of his state court conviction and sentence, not the manner in which his sentence is being executed. It appears, then, that he should have filed his petition pursuant to Section 2254.

The court finds that it is inappropriate at this time to construe the instant petition as one brought under Section 2254 because, barring certain circumstances, Petitioner only has one

opportunity to file a Section 2254 petition and would not have been on notice that his Section 2241 petition was being construed as his one Section 2254 petition. *See Martin v. Overton*, 391 F.3d 710, 713-715 (6th Cir. 2004) (finding that the rule of *In re Shelton*, which requires notice to a petitioner before the petition is recharacterized as a Section 2255 petition, applied to a petitioner's Section 2241 petition which the district court had recharacterized as a Section 2254 petition without providing notice to the petitioner); *Stills by Stills v. Reynolds*, No. 1:25-cv-2479, 2026 WL 27585, at *1 (N.D. Ohio Jan. 5, 2026) (declining to covert a Section 2241 petition to one filed under Section 2254 because the latter is subject to the restrictions of the Antiterrorism and Effective Death Penalty Act); *Warren v. Miller*, No. 1:05-CV-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) ("Rather than recharacterizing Petitioner's claims [brought in his Section 2241 petition] to § 2254 claims, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim he may file in the future.").

Accordingly, the instant Section 2241 petition is **DISMISSED WITHOUT PREJUDICE**.

Petitioner's Motion to Appoint Counsel (Doc. No. 3) is **DENIED AS MOOT**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The

district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

The court dismisses the instant petition without prejudice because Petitioner attempts to challenge his conviction and sentence by filing a Section 2241 petition rather than by filing a Section 2254 petition. Because reasonable jurists would not debate the court's conclusion, the court **DENIES** a COA. Petitioner may still request a COA from the Sixth Circuit Court of Appeals directly.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge